IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORNELIUS MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3267 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OFFICER MUHS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 31, the defendants' Motion to Dismiss. The plaintiff, Cornelius Moore, a prisoner in the custody of the Nebraska Department of Correctional Services, asserts multiple federal civil rights claims based on the Eighth and Fourteenth Amendments to the United Stated Constitution and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. Among other alleged bases for summary judgment alleged in filing no. 31, the defendants assert that the plaintiff failed to exhaust his administrative remedies prior to filing his complaint in the above-entitled case.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action challenging prison conditions[1] pursuant to 42 U.S.C. § 1983 until after available administrative remedies have been fully exhausted. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the

---

[1] 42 U.S.C. § 1997e(a) applies to actions by prisoners "'brought with respect to prison conditions under [§ 1983] or any other Federal law.'" Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1024 (8th Cir.), cert. denied, 531 U.S. 913 (2000) (citation omitted). See also Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory"); Booth v. Churner, 532 U.S. 731, 733-34 (2001) (exhaustion is mandatory). See also Lyon v. Del Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002):

> The Prison Litigation Reform Act of 1996 (PLRA) amended 42 U.S.C. § 1997e(a) to require that inmates who have civil rights claims must first exhaust all administrative remedies before bringing an action under § 1983. See Booth v. Churner, 532 U.S. 731, 733-34 ... (2001). This is true even though relief of the sort that the plaintiff is seeking is not available through the administrative procedures that are available. Id. at 737-41....

The plaintiff does not deny that he failed to exhaust administrative remedies. In fact, in his complaint (filing no. 1, page 36, ¶ 43), the plaintiff states: "Also it must be known and asserted that any attempts to exhaust my remedies at this late stage is prevented by the numerous practices of Mr. Brad Exstrom in applying the within three days of the incident rule." The PLRA exhaustion requirement does not contain a "too late to exhaust now" exception. Indeed, if the plaintiff had submitted grievances, even if late, and if he had completed the process by appealing any denial of a grievance, including a denial on the basis of timeliness, the issue of exhaustion might have been waived by the defendants or resolved in his favor by the court.

Thus, an inmate's subjective beliefs concerning the futility of submitting grievances is insufficient to avoid the exhaustion requirement of § 1997e(a). Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002); Massey v. Helman, 259 F.3d 641, 644 n.6 (7th Cir. 2001). Accord Chelette v. Harris, 229 F.3d at 688: "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. [The plaintiff] failed to do so, and so his

complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" (Citation omitted.) Completion of the grievance process is necessary even after a plaintiff has suffered harm and even if the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003).

Dismissal is required when an inmate has not exhausted administrative remedies as to all claims before filing a lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Id. If multiple claims are asserted in court, and any claim was not fully exhausted before the plaintiff filed a lawsuit, all claims must be dismissed.[2] Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (*per curiam*).

THEREFORE, IT IS ORDERED:

1. That filing no. 31, the defendants' Motion to Dismiss, is granted;
2. That the plaintiff's complaint and this action are dismissed without prejudice;
3. That a separate judgment will be entered accordingly.

DATED this 19th day of April, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge

---

[2] A dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000).